# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | Criminal No. 16-148 |
| | ) | |
| ROBERT BERNAL, JR., | ) | Judge Cathy Bissoon |
| | ) | |
| Defendant. | ) | |

## ORDER

On January 24, 2019, the Court ordered the parties to file briefs with respect to the scope of the restitution authorized by the plea agreement in this case. (Doc. 84.) In its Response, the Government stated that the victim of the crime of conviction, from the Marineland Series, did not request restitution. (Doc. 85 at ¶ 4 ("Marineland Series victim has not requested restitution in this case.").) The Government and the Defendant agree that the victims related to Counts 2 and 3 of the Indictment are not entitled to restitution. (Doc. 85 and 86.)

The Court has reviewed the victim impact statement for the Marineland Series victim, and finds that while she has not requested an amount of restitution, she has requested restitution be ordered. (See Cover Page to Marineland Series Victim Impact Statement ("Sarah is also seeking restitution.").) In her statement, "Sarah" asks that "the judge who sentences anyone who is convicted of having or trading my pictures make that person contribute to the costs of a counselor for me." (Victim Impact Statement at 1.)

Restitution for the crime of conviction is mandatory. 18 U.S.C. § 2259(a); U.S.S.G. § 5E1.1(a). In order for the Court to determine the appropriate amount of restitution for the victims in this case, the Court must have information bearing on the factors named by the United States Supreme Court in Paroline v. United States. See 572 U.S. 434, 459–60 (2014) (recommending district courts determine "the amount of the victim's losses caused by the

continuing traffic" in her images before turning to a number of factors relevant to calculating "the relative causal significance of the defendant's conduct in producing those losses"). The relevant victim impact statement identifies Sarah's attorney as a resource for this information. (See Cover Page to Marineland Series Victim Impact Statement.)

Therefore, IT IS ORDERED that on or before **April 11, 2019**, pursuant to 18 U.S.C. § 3364(a), the Probation Office shall submit a supplemental report setting forth the losses of the victim in this case as well as another information pertaining to Defendant's relevant share in producing the victim's losses. If contacted by the Probation Office or the Government, the Court ORDERS counsel for the victim "to provide information concerning the amount of restitution the victim has been paid in other cases to the same losses." 18 U.S.C. § 2259(b)(2)(C).

On or before **April 15, 2019**, the parties shall provide their Positions with Respect to the Probation Office's Supplemental Report and the outstanding restitution issues in this case. The Court reminds counsel that "the burden of demonstrating the amount of the loss sustained to the victim as a result of the offense shall be on the attorney for the Government." 18 U.S.C. § 3664(e). The Court expects the Government will act in accordance with its responsibilities, so that mandatory restitution can be ordered at the time of sentencing.

IT IS SO ORDERED.

March 28, 2019            s\Cathy Bissoon
           Cathy Bissoon
           United States District Judge

cc (via ECF email notification):

All Counsel of Record